IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                    4:22-cr-00301-KGB-21

ALFRED LEOTIS ROGERS                                                              DEFENDANT

**ORDER**

I.  **BACKGROUND**

Before the Court is Defendant's Second Motion for Detention Hearing.  (Doc. No. 281.) I previously detained Mr. Rogers after a contested hearing because I found by clear and convincing evidence that he is a danger to the community and no condition or combination of conditions would assure the community's safety.  Specifically, I stated:

> I find by clear and convincing evidence that Defendant is a danger to the community and no condition or combination of conditions will assure its safety. In coming to this conclusion, I have considered, inter alia, the weight of the evidence against Defendant as well as Defendant's history and characteristics. As recited more thoroughly on the record, I have specifically considered Defendant's criminal history, which includes a life sentence for conspiracy to distribute drugs, from which Defendant was released early pursuant to drug sentencing reform. US v. Rodgers, 4:92cr00090-5 JLH. In addition, he was granted early release from supervised release based on the belief Defendant had reformed. Id. Despite being given this fresh start, a good job, a home, and all the things that should support reformation, the United States has presented strong evidence that Defendant has instead returned to drug trafficking. Accordingly, I find there are no conditions that would assure the safety of the community. For these reasons, Defendant is remanded to the custody of the United States Marshal.

(Doc. No. 114.)

As a basis for his request, Mr. Rogers states, "The Defendant owns real and personal property that is not secured, and he is in danger of losing all his assets because of the detention.

Defendant moves the Court for a Second Detention Hearing for reconsideration of the Defendant's bond." (Doc. No. 281.)

## II.    ANALYSIS

A detention hearing may only be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing," and that information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).  The matter should not be reopened if the evidence was available at the time of the initial hearing.  *See United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (per curiam); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Flores*, 856 F. Supp. 1400, 1405-07 (E.D. Cal. 1994).

I find Mr. Rogers' basis for seeking a second hearing wholly fails to qualify as "new" information under the Bail Reform Act.  Moreover, even if it could be considered "new," it does not bear materially on his dangerousness.

## III.   CONCLUSION

Accordingly, Mr. Rogers' Motion (Doc. No. 281) is DENIED.  Mr. Rogers is to remain in the custody of the United States Marshal with the same provisions previously ordered.  (Doc. No. 114.)

IT IS SO ORDERED this <u>24th</u> day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE